CASTOR (UNITED STATES v.). See Case No. 14,748.

---

## Case No. 2,508.

CASTRO v. UNITED STATES.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 2,509.

CASTRO v. UNITED STATES.

[Hoff. Land Cas. 72.] [1]

District Court, D. California. Dec. Term, 1855.

CONFIRMATION OF MEXICAN LAND GRANT.

Entitled to confirmation under the decision of this court in case number eighty-eight [U. S. v. Rodriguez, Case No. 16,184.]

Claim for one league of land in Santa Cruz county, rejected by the board. and appealed by claimant.

Jeremiah Clark. for appellant.
S. W. Inge, U. S. Atty., for appellees.

---

[1] [Reported by Hon. Ogden Hoffman, District Judge.]

[Before HOFFMAN, District Judge.]

The claimant in this case derives his title from a grant made to Antonio Buelna, on the second of May, 1839. This grant was also the foundation of the title claimed in case number eighty-eight, already decided by this court. The claim in that case was made in the name of the widow and heir of the original grantee, and was for a part of the land originally granted. The remainder, which is the subject of the present claim, had been sold to Castro, the claimant in this case, by the widow of Buelna. The conveyances to him are duly produced and proved. Both of these claims were rejected by the board, on the ground that there was no proof that the Maria Concepcion Valencia Rodriguez, the claimant in case number eighty-eight, was the grantor of the claimant in this case, and the widow and heir of the original grantee. Case number eighty-eight has already been decided by this court; the original grant has been found to be valid, and the claim of Maria Concepcion Valencia Rodriguez, formerly Buelna, has been confirmed to that portion of the land still retained by her. The only question, then, that remains is whether the grantor of the claimant in this case is the same person. This fact is admitted by the district attorney in a stipulation on file in this court. The original grant having thus been declared to be valid, and the right of the grantor of the claimant, as heir of the original grantee, having been also judicially recognized, no objection can now be taken to the confirmation of the present claim—the validity of the conveyances by the widow Buelna to the present claimant not being disputed. A decree of confirmation must therefore be entered for the land as described and bounded in the conveyances to the claimant, or to so much thereof as is comprised within the limits of the original grant.